McKinney, J.,
delivered the opinion of the Court.
The complainants seek to recover certain slaves in the possession of the defendant, claimed by him as his property.
The principal question in the cause, arises upon the construction and effect of a deed of . gift of several slaves, made by Sally E. Lucas, on the 31st of August, *278 1812, to her two sons, George A. and Peter W. Lucas, and to any after-born heirs of the donor, if any should be born. The habendum of the deed, upon which the question arises, is as follows: “To have and to hold the said five negroes and their increase, to the said George A. Lucas and Peter W. Lucas, and the heirs of her ” (the donor’s) “ body, if any there be, to the sole use of said George A. Lucas and Peter W. Lucas, and the heirs of her body, if any there be, after the said Sally JS. Lucas’ death.”
It is insisted for the defendant, that the latter words, which purport to reserve a life interest in the slaves to the donor, are void as being repugnant to the absolute gift of the slaves previously made to the do-nees.
We do not concur in this conclusion. It seems to us that the instrument is perfectly consistent and intelligible upon its face. It is clear, that while the donees are vested with a present title to the slaves, their right to the beneficial use or possession of them was not intended to take effect until after the donor’s death. She intended to reserve the possession and services of the slaves during her own life. This it was lawful for her to do. And the words employed to express such intention, are explicit, and amply sufficient to effect the end in view. We hold, therefore, that the beneficial use and possession of the slaves was in the donor for life, and did not pass to the donees until her death.
From the position just announced, it follows, of course, that the defendant cannot avail himself of his adverse possession of the slaves in controversy. The defendant’s purchase of the slave Fanny, (one of the *279 five slaves included in the deed of gift,) could have no other effect than to vest him with the life interest of the donor in said slave. He was, as to said slave,, in effect, placed in the shoes of the donor; and his posession was, as respects the donees, precisely similar to the possession of the donor of the remaining slaves named in the deed; that is, a possession in perfect harmony with, and incapable, in law, of becoming adverse to the rights of the donees during the continuance of the life interest of the donor. Until the death of the donor, the right of the donees to the possession of the slaves did not arise; and for this reason, also, the statute of limitations could not sooner attach.
The objections to the registration of the deed of gift, are not well founded. The defects are cured by positive legislative enactment.
The defendant, we think, by virtue of his purchase and conveyance from Sloan and wife, is vested with their interest in the slave Fanny and her increase.
The allegation of the bill, that complainant J. W. Woodson had acquired, by purchase, the interests of some of the other claimants of the slaves sued for, is not sufficiently supported by proof.
The truth of this allegation was a matter proper for the determination of the Chancellor, of which full and satisfactory proof ought to have been made. It is not a proper matter of reference to the master, according to the established course of a Court of Chancery. And for this irregularity the decree will be reversed, and the cause remanded, with leave to supply any omissions or defect of proof, upon any of the questions in the cause, if deemed necessary by the parties.